Nash, C. J.
 

 The third objection to the motion of the plaintiff for judgment on the defendant’s bond, we think, is fatal. It is a well settled principle in our Courts, if any can be, that a
 
 ca. sa.
 
 must correspond with the judgment; if it does ixot, and the objection be taken in apt time, it must be set aside. The writ in this case issued against the defendant and one Isaac Wells, and
 
 *264
 
 the judgment is a joint one against them both. This judgment was obtained in the County Court at its December Term, 1848, and at June Term, 1849, an order was' made to strike out of the writ and judgment the name of Wells. At September Term, 1849, the order made at June Term was rescinded. If the Court had the power to make the order they did at June Term, then the same power authorized the order made at September Term; if no such power existed in the Court in either case, the order of June was void, and take it either way, the judgment of December Term remains as it was then made and entered.' The
 
 ca. sa.
 
 is defective and void as having issued against one of the defendants only. It is not denied but that such was the law before tire Act of 1844, ch. 31. But it is said that- act has altered the law in this particular. In ascertaining the intention of the Legislature in any legislative act, it is recommended by authors who have written on the subject, to ascertain the mischief to be remedied, and the remed3f provided. What was the mischief then to be remedied ? It was, that a plaintiff in a judgment, as a matter ' of right, could take put a
 
 capias
 
 at his will and pleasure, whereby much oppression existed. The remedy provided was, depriving the plantiff of this arbitrary right, and subjecting him to the necessity of moving under the benign spirit of the constitution. The honest debtor, for there may be such in the view of the constitution, who has no property, or who has exhausted it in paying off his debts, may now sleep in peace with no fear of imprisonment before his eyes, unless his creditor is willing to swear, and does make an affidavit in writing,
 
 e<
 
 that he believes (the de-
 
 “
 
 fendant) the debtor has not property to Satisfy the judgment that “ can be reached by a
 
 fieri
 
 facias, and has property, money or
 
 “
 
 effects which cannot be reached by a
 
 fieri facias,
 
 of has frau- •“ dulently concealed his property, money or effects, or is about to
 
 “
 
 remove from the State.” This is the curb placed on the plaintiff — you shall have your
 
 ca. sa.,
 
 but you shall not use it at your will and pleasure j before you do cause it to issue, you shall take the necessary oath to show that the defendant is not an
 
 honest debtor
 
 — ¡that, shall not for the future be a conclusion necessarily following an inability on the part of a debtor to pay what he owes. Thus the remedy for the existing evil is provided, and the
 
 *265
 
 act does not disturb any other principle of the law as it then existed. The
 
 capias
 
 then which issues to enforce a joint judgment must be as broad as the judgment, and embrace all the defendants in it; and-the affidavit to authorize the
 
 ca. sa.
 
 must embrace
 
 all
 
 the defendants. If it does not, then the writ can issue only against the one mentioned in the affidavit; if it does, it violates the Act of 1844 ; if it does not, it violates a principle of the common law, as ancient as the law itself. If there be inconveniences and difficulties in the way of plaintiffs under this construction of the Act of 1844, they are created by the act, and can be removed only by the power which gave the act its existence. It is unnecessary to notice the other points made in tire case.
 

 We have examined the cases to which our attention was directed by the counsel of the plaintiff. The one before us differs from them, inasmuch as the defendant availed himself of the earliest moment afforded him to malee his motion to quash the proceedings. There is no error in the opinion of the Court below.
 

 PeR Curiam. Judgment affirmed.